# Exhibit C

**Sale Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Entelos, Inc.,[1] | Case No.: 11-_____ (____) |
| Debtor. | |

### NOTICE OF (A) SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (B) REQUEST FOR AUTHORIZATION RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

PLEASE TAKE NOTICE THAT, pursuant to the *Order (A) Approving Bidding Procedures, and (B) Approving the Form and Manner of Notices Thereof* (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on [_____ ___,] 2011, Entelos, Inc. (the "Debtor") is selling substantially all of its assets (the "Acquired Assets") related to the Debtor's business free and clear of all Liens, Claims and Interests to the fullest extent allowable under the Bankruptcy Code and assuming, assigning and selling certain executory contracts and unexpired leases.[2]

1. All documents filed with the Bankruptcy Court in connection with these chapter 11 cases and the proposed Sale, including the Motion, the Bidding Procedures Order, the Bidding Procedures, the Stalking Horse Agreement and the Stalking Horse Adequate Assurance Notice[3], or, if applicable, the adequate assurance information of other Bidders, are available by

---

[1] The last four digits of the debtor's federal tax identification number are 5818.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the bidding procedures approved as part of the Bidding Procedures Order.

[3] Pursuant to the Bidding Procedures Order, the Purchasers shall file the Stalking Horse Adequate Assurance Notice with the Bankruptcy Court by no later than [_____], 2011.

1930855.2

accessing the Court's docket, https://ecf.deb.uscourts.gov, or contacting [_____] at [_____].

2. Any entity that wishes to participate in the Bidding Process must deliver (unless previously delivered) the materials set forth below (via email in .pdf or similar format) (the "Required Bid Materials") to the following parties (i) the Debtor (Entelos, Inc.; 110 Marsh Drive Foster City, California 94404) (attn: Shawn O'Connor, CEO); (ii) counsel to the Debtor, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (attn: Kurt F. Gwynne, Esq.); and (iii) counsel to the Purchaser, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169 (attn: Jonathan N. Helfat, Esq.) (provided, however, that confidential information with respect to financing sources need not be provided to the Purchaser); and (vi) counsel to the Official Committee of Unsecured Creditors, if any, so as to be received by such parties not later than **5:00 p.m. (Eastern) on August 26, 2011** (the "Bid Deadline"). The Required Bid Materials shall include:

(i) Minimum Bid Amount. Any Qualifying Bid (other than the Stalking Horse Agreement) at the Auction must be higher and better than the offer of the Purchaser under the Stalking Horse Agreement and that is not less than the sum of (A) the Credit Bid Amount and the Cure Amounts in cash; and (B) $50,000 in cash (the "Minimum Bid Amount").

(ii) Acquired Assets. Any Qualifying Bid must seek to acquire substantially all of the Acquired Assets;

(iii) Same or Better Terms. The Bid must be on terms that, in the Debtor's business judgment, are substantially the same or better than the terms of the Stalking Horse Agreement. A Bid must include executed transaction documents (the "Competing Transaction Documents") pursuant to which the Bidder proposes to effectuate a competing transaction (a "Competing Transaction"). A Bid shall include a copy of the Stalking Horse Agreement marked to show all changes requested by the Bidder (including those related to the Purchase Price);

2

1930855.2

(iv) Identity. All Bids must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid and the complete terms of any such participation;

(v) Contingencies. A Bid may not be conditioned on (i) obtaining financing or any internal approval or (ii) on the outcome or review of due diligence;

(vi) Proof of Financial Ability to Perform. A Bid (other than the Stalking Horse Agreement) must provide written evidence that the Debtor reasonably concludes demonstrates that the Bidder has the necessary financial ability to close the Competing Transaction and provide adequate assurance of future performance under the Acquired Contracts to be assumed and assigned in the Competing Transaction. Such information should include, among other things, the following:

    (a) contact names and telephone numbers for verification of financing sources;

    (b) evidence of the Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the Competing Transaction;

    (c) the Bidder's current financial statements (audited if they exist and, if unaudited, most recent audited financial statements); and

    (d) any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor demonstrating that such Bidder has the ability to close the Competing Transaction;

(vii) Irrevocable. A Bid made by any Bidder other than the Purchaser must be irrevocable through the Auction; provided that if such Bid is accepted as the Highest or Best Bid or the Backup Bid (as defined in the Bidding Procedures), such Bid shall continue to remain irrevocable, subject to the terms and conditions of the Bidding Procedures;

(viii) Identification of Executory Contracts and Unexpired Real Property Leases. The Bid shall identify with particularity the Debtor's executory contracts and unexpired leases with respect to which the Bidder seeks to receive an assignment and any designation rights;

(ix) Corporate Authority. Written evidence reasonably acceptable to the Debtor demonstrating appropriate corporate authorization to

consummate the proposed Competing Transaction; <u>provided</u> that if the Bidder is an entity specially formed for the purpose of effectuating the Competing Transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtor and the Purchaser of the approval of the Competing Transaction by the equity holder(s) of such Bidder; and

(x) <u>Adequate Assurance Information</u>. The Bid shall include sufficient financial or other information (the "<u>Adequate Assurance Information</u>") to establish adequate assurance of future performance with respect to any lease or contract to be assumed and assigned to the Bidder in connection with the proposed transaction and Bidder's agreement that such Adequate Assurance Information can be faxed or emailed to any counterparties to such contracts or leases (or their counsel) within 24 hours of submission of the Bid; provided, however, that the counterparties to such contracts and leases must keep any information marked in the Adequate Information as confidential (the "<u>Confidential Information</u>") provided that the Confidential Information may be referred to and quoted in any hearing before the Bankruptcy Court held to consider the assumption and assignment of such contract or lease and further provided, however, that to the extent that any party desires to introduce the Confidential Information as an exhibit at any hearing, such party shall request that the Bankruptcy Court treat the Confidential Information as confidential, unless the Debtor and the applicable Bidder have agreed that such confidential treatment by the Bankruptcy Court is not necessary. The Bid shall also identify a contact person (with relevant contact information) that counterparties to any lease or contract can contact to obtain additional Adequate Assurance Information.

3. If a Qualified Bid, other than that submitted by the Purchaser, has been received by the Debtor, the Debtor may conduct an auction (the "<u>Auction</u>") with respect to all or some of the Acquired Assets. The Auction shall be conducted at the offices of Auction shall be conducted at the offices of Reed Smith LLP, 1201 Market Street; Suite 1500; Wilmington, DE 19801 at **10:00 a.m. (Eastern) on September 2, 2011**, or such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth above. The Debtor shall provide notice to the

4

1930855.2

following parties upon any change in the date, time or place of the Auction: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Purchaser, (c) any other Qualified Bidder, (d) counsel to the Official Committee of Unsecured Creditors, if any, and (e) any creditor that has indicated to counsel to the Debtor that it wishes to attend the Auction.

4. A hearing to approve the Sale (the "Sale Hearing") to the Successful Bidder will be held at [_____] **a.m. (Eastern) on September 8, 2011** unless otherwise continued pursuant to the terms of the Bidding Procedures. The Sale Hearing will be held before the Honorable [_____], United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, [__]th Floor, Courtroom [__], Wilmington, Delaware 19801. Objections, if any, to any Sale, to the assumption and assignment of a party's executory contract and/or unexpired lease, or to that portion of the Motion that seeks to extend the deadline to assume or reject unexpired leases, must be filed by **4:00 p.m. (Eastern) on** [_____] (the "Sale Objection Deadline"). At the same time, you must also serve a copy of the objection, **so as to be received by the following parties on or before the Sale Objection Deadline:** (i) the Debtor's counsel, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (attn: Kurt F. Gwynne, Esq.); (ii) the Debtor (Entelos, Inc.; 110 Marsh Drive Foster City, California 94404) (attn: Shawn O'Connor, CEO); (iii) the counsel for the Official Committee of Unsecured Creditors, if any; (iv) counsel to the Purchaser, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169 (attn: Jonathan N. Helfat, Esq.); and (v) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (attn: David Klauder, Esq.) (Facsimile: 302-573-6497).

1930855.2

5. IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: _____, 2011  Respectfully submitted,
     Wilmington, Delaware

     REED SMITH LLP

By: /s/ Timothy P. Reiley
   Kurt F. Gwynne (No. 3951)
   Richard A. Robinson (No. 5059)
   Timothy P. Reiley (No. 5435)
   1201 Market Street; Suite 1500
   Wilmington, DE 19801
   Phone: (302) 778-7500
   Fax: (302) 778-7575
   Email: kgwynne@reedsmith.com
         rrobinson@reedsmith.com
         treiley@reedsmith.com

Proposed Attorneys for Debtor in Possession