# Exhibit D

**Proposed Sale Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Entelos, Inc.,**[1] | ) | **Case No.: 11-1239** (PJW) |
| | ) | |
| **Debtor.** | ) | **Re: Docket No. __** |
| | ) | |
| | ) | |
| | ) | |

## ORDER (A) APPROVING SALE AGREEMENT BETWEEN DEBTOR AND SUCCESSFUL BIDDER; (B) AUTHORIZING SALE OF ACQUIRED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; AND (C) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH

Upon the motion (the "Motion")[2] of Entelos, Inc. (the "Debtor") for the entry of an order (the "Order") (a) approving a bill of sale (the "Purchase Agreement") between the Debtor and [_____] (the "Successful Bidder") to acquire all of the Debtor's right, title and interest of every kind and nature (including indirect and other forms of beneficial ownership) in and to all of the properties, assets and rights (contractual or otherwise) of such Seller as of the Closing Date, whether tangible or intangible, real or personal and wherever located and by whomever possessed (the "Acquired Assets"), other than the Excluded Assets (as defined in the Purchase Agreement); (b) authorizing the sale of the Acquired Assets (the "Sale") free and clear of all liens, claims, encumbrances and interests (c) authorizing the sale, assumption and assignment of executory contracts and unexpired leases (collectively, the "Acquired Contracts") to the Successful Bidder; and (d) granting related relief; it appearing that the relief requested is in the best interests of the Debtor's estates, their creditors and other parties in interest; the Court having

---

[1] The last four digits of the debtor's federal tax identification number are 5818..

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or the Bidding Procedures, as applicable.

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS THAT:[3]**

**<u>Jurisdiction, Final Order and Statutory Bases</u>**

A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(b).    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).    Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).    Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C.    The statutory bases for the relief requested in the Motion are sections 105(a), 363(b), (f), and (m), and 365 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 9007 and 9014.

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.    To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.    To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

US_ACTIVE-106817164.2

D.     On July 25, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under

Chapter 11 of the Bankruptcy Code.   Since the Petition Date, the Debtor has continued in

possession and management of its businesses and properties as debtors in possession pursuant to

Bankruptcy Code §§ 1107(a) and 1108.

E.     This Court entered the Bidding Procedures Order on [_____ __], 2011

[Docket No. __].

### Notice of the Sale, Auction and Cure Amounts

F.     Actual written notice of the Sale Hearing, the Auction, the Motion, the Sale and a

reasonable opportunity to object or be heard with respect to the Motion and the relief requested

therein has been afforded to all known parties in interest, including, but not limited to the

following parties:

> (a) the Office of the United States Trustee for the District of Delaware;
> (b) counsel to Imperium; (c) the creditors listed on the Debtor's list of 20 largest
> unsecured creditors, as filed with the Debtor's chapter 11 petition; (d) counsel to
> the Successful Bidder; (e) all parties asserting a security interest in the assets of
> the Debtor to the extent reasonably known to the Debtor; (f) each of the Debtor's
> landlords and each of the notice parties identified in the real property leases, to
> the extent possible; (g) various federal, state, county and city tax and regulatory
> authorities; (h) all entities known to have expressed an interest in a transaction
> with respect to the Acquired Assets or that has been indentified by the Debtor as a
> potential purchaser of the Acquired Assets; and (i) all parties requesting notice
> pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

G.     In accordance with the provisions of the Bidding Procedures, the Debtor has

served the [_____ __], 2011 assumption and cure notice [Docket No. __] (the "Assumption and

Cure Notice") upon the Contract Counterparties and notifying such parties (a) that the Debtor

may seek to assume and assign certain executory contracts (the "Contracts") and unexpired

leases (the "Unexpired Leases")[4] on the closing date of the Sale (the "Closing Date"); and (b) of

---

[4] Contracts and Unexpired Leases assumed and assigned in accordance with the Purchase Agreement are referred to
as the "Acquired Contracts."

US_ACTIVE-106817164.2

the proposed Cure Amounts. The service of such notices was good, sufficient and appropriate under the circumstances and no further notice need be given in respect of the assignment and assumption of the Contracts or establishing a cure amount for the Contracts. Each of the Contract Counterparties has had an opportunity to object to the assignment and assumption of the Contracts and the Cure Amounts set forth in the notices.

H.     The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sales process, including, without limitation, determination of final Cure Amounts.

I.     The Sale Notice and Assumption and Cure Notices provided all interested parties with timely and proper notice of the Sale, the Auction and the Sale Hearing.

J.     As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Motion, the Auction, the Sale Hearing and the Sale has been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014. The Debtor also has complied with all obligations to provide notice of the Motion, the Auction, the Sale Hearing and the Sale required by the Bidding Procedures Order. The notices described above were good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Auction, the Sale Hearing or the Sale is required.

K.     The disclosures made by the Debtor concerning the Purchase Agreement, the Auction, the Sale and the Sale Hearing were good, complete and adequate.

## Good Faith of the Successful Bidder

L.     The Successful Bidder is purchasing the Acquired Assets in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore

4

entitled to the full protections of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (i) the Successful Bidder recognized that the Debtor was free to deal with any other party interested in acquiring the Acquired Assets; (ii) the Successful Bidder complied with the provisions in the Bidding Procedures Order; (iii) the Successful Bidder agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order; (iv) all payments to be made by the Successful Bidder and other agreements or arrangements entered into by the Successful Bidder in connection with the Sale have been disclosed; (v) the Successful Bidder has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (vi) the negotiation and execution of the Purchase Agreement was at arms-length and in good faith, and (vii) all equity interests that the Successful Bidder has in the Debtor have been disclosed.

## Highest or Best Offer

M.     The Debtor conducted the Auction process in accordance with, and have otherwise complied in all respects with, the Bidding Procedures Order. The Auction process set forth in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any entity to make a higher or otherwise better offer to purchase the Acquired Assets. [Given the absence of any competing Qualified Bid by the Bid Deadline, the Debtor did not conduct an auction and the Purchase Agreement was designated as the Highest and Best Bid.]

N.     The Purchase Agreement constitutes the highest and best offer for the Acquired Assets, and will provide a greater recovery for the Debtor's estates than would be provided by any other available alternative. The Debtor's determination that the Purchase Agreement constitutes the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtor's business judgment.

5

O.     The Purchase Agreement represents a fair and reasonable offer to purchase the Acquired Assets under the circumstances of this chapter 11 case.  No other entity or group of entities has offered to purchase the Acquired Assets for greater economic value to the Debtor's estate than the Successful Bidder.

P.     Approval of the Motion and the Purchase Agreement and the consummation of the Sale contemplated thereby is in the best interests of the Debtor, its creditors, its estate and other parties in interest.

Q.     The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

### No Fraudulent Transfer

R.     The consideration provided by the Successful Bidder pursuant to the Purchase Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

S.     The Successful Bidder is not a mere continuation of the Debtor or its estate and there is no continuity between the Successful Bidder and the Debtor.  To the fullest extent permitted by applicable law, the Successful Bidder is not a successor to the Debtor or its estate and the Sale does not amount to a consolidation, merger or de facto merger of the Successful Bidder and the Debtor.

### Validity of Transfer

T.     The Debtor has full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the Sale contemplated by the Purchase Agreement, except as otherwise set forth in the Purchase Agreement.

6

U.      The transfer of each of the Acquired Assets to the Successful Bidder will be as of the Closing Date a legal, valid and effective transfer of such assets, and vests or will vest the Successful Bidder with all right, title and interest of the Debtor to the Acquired Assets free and clear of all liens, claims, interests, charges, mortgages, leases, hypothecations, deeds of trust, pledges, security interests, options, rights of setoff, first off or first refusal, easements, servitudes, restrictive covenants, encroachments, encumbrances, liabilities, commitments, or other similar restrictions of any kind (collectively, "Liens, Claims and Interests") accruing, arising or relating thereto any time prior to the Closing Date, except for any permitted encumbrances and assumed liabilities (the "Assumed Liabilities") under the Purchase Agreement.

V.      Other than the Assumed Liabilities, and subject to its obligations under any post-petition financing facility, the Successful Bidder shall have no obligations with respect to any liabilities of the Debtor, including, without limitation, the Excluded Liabilities, and the Debtor will release and forever discharge the Successful Bidder, any of its affiliates and its successors and assigns from any and all claims, causes of action, obligations, liabilities, demands, losses, costs and expenses of any kind, character or nature whatsoever, known or unknown, fixed or contingent, relating to the Sale or the Acquired Assets, except for liabilities and obligations under the Purchase Agreement and any post-petition financing orders.

## Section 363(f) Is Satisfied

W.      The Successful Bidder would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby if the Sale of the Acquired Assets to the Successful Bidder, and the assumption, assignment and sale of the Acquired Contracts to the Successful Bidder, were not free and clear of all Liens, Claims and Interests of any kind or

7

nature whatsoever (except the Assumed Liabilities), or if the Successful Bidder would, or in the future could, be liable for any such Liens, Claims and Interests.

X.     The Debtor may sell the Acquired Assets free and clear of all Liens, Claims and Interests against the Debtor, its estate or any of the Acquired Assets (except for the Assumed Liabilities) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens, Claims and Interests against the Debtor, its estate or any of the Acquired Assets who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of such Liens, Claims and Interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Liens, Claims and Interests, if any, in each instance against the Debtor, its estate or any of the Acquired Assets, attach to cash proceeds (if any) of the Sale ultimately attributable to the Acquired Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

### Assumption, Assignment and Sale of the Acquired Contracts

Y.     The assumption, assignment and sale of the Acquired Contracts pursuant to the terms of this Order is integral to the Purchase Agreement and is in the best interests of the Debtor and its estate, creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor.

### Compelling Circumstances for an Immediate Sale

Z.     To maximize the value of the Acquired Assets and preserve the viability of the business to which the Acquired Assets relate, and to avoid the incurrence of unpaid

8

administrative expenses, it is essential that the closing of the Sale occur within the time constraints set forth in the Purchase Agreement. Time is of the essence in consummating the Sale.

AA.   Given all of the circumstances of these chapter 11 cases and the adequacy and fair value of the purchase price under the Purchase Agreement, the Sale constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved.

BB.   The consummation of the Sale is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b) and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1.   The relief requested in the Motion is granted and approved as set forth herein, and the Sale contemplated thereby and by the Purchase Agreement is approved as set forth in this Order.

2.   This Court's findings of fact and conclusions of law, set forth in the Bidding Procedures Order, are incorporated herein by reference.

3.   All objections to the Motion or the relief requested therein that have not been withdrawn, waived, continued or settled as announced to this Court at the Sale Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits or the interests of such objections have been otherwise satisfied or adequately provided for.

US_ACTIVE-106817164.2

## Approval of the Purchase Agreement

4.     The Purchase Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

5.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (b) close the Sale as contemplated in the Purchase Agreement and this Order and (c) execute and deliver, perform under, consummate, implement and close fully the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and such other ancillary documents.

6.     This Order shall be binding in all respects upon the Debtor, its estate, all creditors, all holders of equity interests in the Debtor, all holders of any claim(s) (whether known or unknown) against the Debtor, any holders of Liens, Claims and Interests against or on all or any portion of the Acquired Assets, all Contract Counterparties, the Successful Bidder and all successors and assigns of the Successful Bidder, and any trustees, if any, subsequently appointed or elected in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case.  This Order and the Purchase Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Successful Bidder and their respective successors and assigns.

## Transfer of the Acquired Assets

7.     Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Acquired Assets on the Closing Date.

10

Such Acquired Assets shall be transferred to the Successful Bidder "as is where is" with all faults in accordance with the Purchase Agreement upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding and effective transfer of such Acquired Assets and, upon the Debtor's receipt of the purchase price, shall be free and clear of all Liens, Claims and Interests except for the Assumed Liabilities. Upon the closing of the Sale, the Successful Bidder shall take title to and possession of the Acquired Assets subject only to any Assumed Liabilities. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Acquired Assets, including but not limited to the Acquired Contracts, shall be free and clear of (a) any and all Liens, Claims and Interests except for the Assumed Liabilities; and (b) any and all claims including, without limitation, any and all claims pursuant to any successor or successor-in-interest liability theory, to the fullest extent permitted by applicable law; provided that the Successful Bidder shall not be relieved of liability with respect to the Assumed Liabilities. All Liens, Claims and Interests shall attach solely to the cash proceeds (if any) of the Sale (and not any credit bid amount) with the same validity, priority, force and effect that they now have as against the Acquired Assets, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

8.      Except as expressly permitted or otherwise specifically provided by the Purchase Agreement or this Order, all entities holding Liens, Claims and Interests or interests in all or any portion of the Acquired Assets (other than the Assumed Liabilities) arising under or out of, in connection with, or in any way relating to the Debtor, the Acquired Assets, the operation of the Debtor's business prior to the Closing Date or the transfer of the Acquired Assets to the Successful Bidder, hereby are forever barred, estopped and permanently enjoined from asserting against the Successful Bidder or its successors or assigns, their property

US_ACTIVE-106817164.2

or the Acquired Assets, such entities' Liens, Claims and Interests in and to the Acquired Assets. On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens, Claims and Interests on the Acquired Assets, if any, as provided for herein, as such Liens, Claims and Interests may have been recorded or may otherwise exist. The transactions authorized herein shall be of full force and effect, regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business. Upon consummation of the Sale, the Successful Bidder is hereby authorized, to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.

9.    All entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Acquired Assets to the Successful Bidder in accordance with the terms of the Purchase Agreement and this Order.

10.    All entities that are in possession of some or all of the Acquired Assets on the Closing Date are directed to surrender possession of such Acquired Assets to the Successful Bidder or its assignee at the closing of the Sale.

11.    A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of the Liens, Claims and Interests of record.

12.    This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies,

US_ACTIVE-106817164.2

governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

## Acquired Contracts

13.    Upon the closing of the Sale, the Debtor is authorized and directed to assume and assign and sell each of the Acquired Contracts to the Successful Bidder free and clear of all Liens, Claims and Interests, as described herein.  The payment of the applicable Cure Amounts (if any) by the Debtor or the Successful Bidder, as applicable, shall (a) effect a cure of all defaults existing thereunder as of the date of the Assumption and Cure Notice and (b) compensate for any actual pecuniary loss to such Contract Counterparty resulting from such default.  The Successful Bidder shall then have take an asignment of the Acquired Contracts and, pursuant to sections 363 and 365(f) of the Bankruptcy Code, the sale and assignment by the Debtor of such Acquired Contracts shall not be a default thereunder.  After the payment of the relevant Cure Amounts by the Successful Bidder or the Debtor, as applicable, neither the Debtor nor the Successful Bidder shall have any further liabilities to the Contract Counterparties, except for the Successful Bider's liability for (a) the obligations under the Acquired Contracts falling due or accruing between the date of the Assumption and Cure Notice and the Closing Date and (b) the obligations under the Acquired Contracts accruing after the Closing Date.

US_ACTIVE-106817164.2

14.     Any provisions in any Acquired Contract that prohibit or condition the assignment of such Acquired Contract or allow the party to such Acquired Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Acquired Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Successful Bidder of the Acquired Contracts have been satisfied. Upon the closing of the Sale, in accordance with sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Acquired Contracts.

15.     Upon the closing of the Sale and the Successful Bidder's payment of the Cure Amounts, if any, the Successful Bidder shall be deemed to be substituted for the Debtor as a party to the applicable Acquired Contracts and (without limiting any other provisions of this Order) the Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Acquired Contracts.

16.     Upon the payment of the applicable Cure Amounts, if any, and the Successful Bider's satisfaction of (a) the obligations under the Acquired Contracts falling due or accruing between the date of the Assumption and Cure Notice and the Closing Date and (b) the obligations under the Acquired Contracts accruing after the Closing Date, the Acquired Contracts will remain in full force and effect, and no default shall exist under the Acquired Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default on the basis of any pre-closing activity, event, condition or occurrence.

US_ACTIVE-106817164.2

17. The Successful Bidder has provided adequate assurance of future performance under the relevant Acquired Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

18. There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Successful Bidder or the Debtor as a result of the assumption and assignment of the Acquired Contracts.

19. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all Contract Counterparties are forever barred and permanently enjoined from raising or asserting against the Debtor or the Successful Bidder any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Acquired Contracts existing as of the Closing Date or arising by reason of the closing of the Sale, except for (i) the Cure Amounts and (ii) Successful Bider's liability for (a) the obligations under the Acquired Contracts falling due or accruing between the date of the Assumption and Cure Notice and the Closing Date and (b) the obligations under the Acquired Contracts accruing after the Closing Date.

## Other Provisions

20. Effective upon the Closing Date and except as otherwise provided in this Order or the Purchase Agreement, or in stipulations filed with or announced to this Court with respect to a specific matter, all entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Successful Bidder, its successors and assigns, or the Acquired Assets, with respect to any (a) Claims or Interests arising under, out of, in connection with or in any way relating to the Debtor, the Successful Bidder, the Acquired

15

Assets, or the operation of the Acquired Assets prior to the closing of the Sale, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Successful Bidder, its successors or assigns, assets or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Successful Bidder, its successors, assets or properties; (iii) creating, perfecting or enforcing any Claims or Interests against the Successful Bidder, its successors or assigns, assets or properties; (iv) asserting any setoff (other than one actually effected prior to the Petition Date) or right of subrogation of any kind against any obligation due the Successful Bidder or its successors or assigns; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to issue or renew any license, permit or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets on the basis of any pre-closing activity, event, condition or occurrence.

21. Except for the Assumed Liabilities or as otherwise expressly set forth in this Order or the Purchase Agreement, the Successful Bidder shall not have any liability or other obligation of the Debtor arising under or related to any of the Acquired Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase Agreement, the Successful Bidder shall not be liable for any claims against the Debtor or any of its predecessors or affiliates.

22. To the fullest extent permitted by applicable law, the Successful Bidder is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the

Successful Bidder shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability except as otherwise expressly provided in this Order or the Purchase Agreement, and the Sale Motion contains sufficient notice of such limitation in accordance with Local Rule 6004-1. Except to the extent the Successful Bidder assumes the Assumed Liabilities pursuant to the Purchase Agreement, neither the purchase of the Acquired Assets by the Successful Bidder or its affiliates, nor the fact that the Successful Bidder or its affiliates are using any of the Acquired Assets previously operated by the Debtor, will cause the Successful Bidder or any of their affiliates to be deemed a successor in any respect to the Debtor's businesses within the meaning of (a) any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, antitrust, environmental, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), (b) under any products liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine, or under any product warranty liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine, (c) any employment or labor agreements, consulting agreements, severance arrangements, change-in-control agreements or other similar agreement to which the Debtor is a party, (e) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of the Debtor, (f) the cessation of the Debtor's operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, obligations that might otherwise arise from or pursuant to the Employee Retirement

17

Income Security Act of 1974, as amended, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, COBRA, or the Worker Adjustment and Retraining Notification Act, (g) environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq., (h) any liabilities, debts or obligations of or required to be paid by, the Debtor for any taxes of any kind for any period, (i) any liabilities, debts, commitments or obligations for any taxes relating to the operation of the Acquired Assets prior to Closing, and (ix) any litigation.

23.    The Successful Bidder has given substantial consideration under the Purchase Agreement for the Assets.  The consideration given by the Successful Bidder shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Successful Bidder, which releases shall be deemed to have been given in favor of the Successful Bidder by all holders of Liens, Claims and Interests against or interests in the Debtor or any of the Acquired Assets.

24.    The Sale contemplated by the Purchase Agreement is undertaken by the Successful Bidder without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Acquired Contracts), unless such authorization

18

and consummation of such Sale is duly stayed pending such appeal. The Successful Bidder is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

25. Notwithstanding any provision in the Sale Motion, the Sale Order or any implementing Sale documents (collectively, the "Documents"), any licenses, authorizations, guaranties, memoranda of understanding, leases, contracts, agreements or other interests of the federal government (collectively, "Federal Interests") shall be paid, treated, determined and administered in the ordinary course of business and the Debtor (at Successful Bidder's expense) and the Successful Bidder shall comply with all applicable non-bankruptcy law, federal regulations and statutes. Moreover, without limiting the foregoing, nothing in the Documents shall be interpreted to set cure amounts or to require the government to novate or otherwise consent to the transfer of any Federal Interests. The government's rights, if any, to offset or recoup any amounts due under, or relating to, any Federal Interests are expressly preserved and any affirmative defenses of the Debtor and Successful Bidder shall be preserved.

26. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this chapter 11 case, (b) any subsequent chapter 7 case into which this chapter 11 case may be converted or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Order.

27. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry and the Debtor and the Successful Bidder are authorized to close the Sale immediately upon entry of this Order.

US_ACTIVE-106817164.2

28.    No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

29.    There are no brokers involved in consummating the Sale and no brokers' commissions are due.

30.    The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

31.    The provisions of this Order are non-severable and mutually dependent.

32.    The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estates.

33.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

34.    To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Order shall govern.

35.    To the extent there are any inconsistencies between the terms of this Order and the Purchase Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

36.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

37.    This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments

US_ACTIVE-106817164.2

thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Successful Bidder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

Date: [_____], 2011
       Wilmington, Delaware

[_____]
UNITED STATES BANKRUPTCY JUDGE